**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALAN D. GARRETT,<br><br>Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Criminal No. 11-242 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, District Judge**:

On November 8, 2017, Defendant Alan Garrett, was serving a term of supervised release at a Community Corrections Center in New Jersey. On that date, a warrant for his arrest was sought, issued, and executed upon the charge that he violated his conditions of supervised release arising from his disruptive behavior at the Residential Re-entry Center on November 7, 2017. [Docket Items 70 and 72]. An amended Petition for Violation of Supervised Release was filed and approved as to Mr. Garrett on November 22, 2017 [Docket Item 86], and the matter came to be heard at a hearing on the Amended Petition for Violation of Supervised Release before the undersigned on November 27 and November 30, 2017.

After hearing evidence, the undersigned found Mr. Garrett guilty of violation No. 1 of the Amended Petition and sentenced Mr. Garrett to imprisonment for four months followed by one year of supervised release; the first four months of the period of supervised release will be with location monitoring, and other

special conditions were put into place.  See Judgment entered December 1, 2017 [Docket Item 89].

On December 7, 2017, defendant, acting pro se, filed the present motion for reduction of sentence under Rule 35(a), Fed. R. Crim. P.  Mr. Garrett alleges that the sentence on November 30, 2017 was erroneous and should be corrected because he believes he is entitled to credit for time served a year earlier from June 23, 2016 to November 16, 2016, which he has calculated as 148 days, when he claims he was confined in Camden County Jail on a state charge of hindering an investigation.  [Docket Item 91].  An identical motion was filed on December 11, 2017, to correct the sentence of November 30, 2017 [Docket Item 93]. Mr. Garrett alleges that, under U.S. Sentencing Guideline 5G1.3(b), the Sentencing Court must adjust the sentence based on the period of time a defendant already served on an undischarged prison term for an offense that was relevant conduct under the U.S. Sentencing Guidelines Manual.

The United States responded on December 15, 2017 [Docket Item 94] opposing this Rule 35 motion.  The Government properly points out that it is the Bureau of Prisons, not the sentencing court that is empowered to award credit to a prisoner for time served, 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 334-35 (1992).  If the prisoner disagrees with the

calculation of credit awarded by the Bureau of Prisons, the prisoner is entitled to seek administrative review of the computation, see 28 C.F.R. § 542.10-542.16; Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  After exhausting the administrative remedies, the prisoner may then seek review upon a habeas corpus petition under 28 U.S.C. § 2241 in the District of the prisoner's confinement.  Id.; see also Wilson, 503 U.S. at 335; Queen v. Minor, 530 F.3d 253, 255, n.2 (3d Cir. 2008).

Moreover, the Court further finds that Mr. Garrett's confinement in Camden County Jail in 2016 is not relevant conduct, nor was it counted as relevant conduct, with regard to his sentencing for violation of supervised release on November 30, 2017.  The basis of Mr. Garrett's current incarceration is sentence for violation of supervised release which occurred on November 7, 2017, as adjudicated by this Court.  Mr. Garrett's confinement in Camden County Jail a year before has nothing to do with Mr. Garrett's violation of the rules of the Bureau of Prisons Residential Reentry Center on November 7, 2017.  The sentence he is currently serving is proper and not subject to correction under Rule 35 on these grounds.

Likewise, even if Mr. Garrett were correct on the substance of his argument, that somehow his previous time served in Camden

County Jail should result in credit against his present sentence, which as explained above is not correct, this Court lacks the authority under Rule 35(a) to grant such relief.  The calculation and award of credit for time served is reposed by Congress solely in the Federal Bureau of Prisons, 18 U.S.C. § 3585(b), as confirmed by the United States Supreme Court in Wilson, 503 U.S. at 334-35.

Accordingly, Defendant Alan Garrett's motions for relief under Rule 35, Fed. R. Civ. P. [Docket Items 91 and 93] shall be, and they hereby are, denied.

The accompanying Order will be entered.

**January 17, 2018**          s/ Jerome B. Simandle
Date                          JEROME B. SIMANDLE
                              U.S. District Judge