IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | HONORABLE JEROME B. SIMANDLE |
| v. | Criminal No. 11-242 (JBS) |
| ALAN D. GARRETT, | |
| Defendant. | **OPINION** |

**SIMANDLE, U.S. District Judge:**

1.   Defendant Alan D. Garrett, a federal prisoner currently confined in FCI Schuylkill, has filed a letter motion asserting a right to a reduction of his sentence pursuant to the newly enacted First Step Act, signed into law on December 21, 2018, P.L. 115-391. [Docket Entry 121]. Garrett asserts in his letter motion that the First Step Act entitles him to 54 days of good conduct time each year, but the Bureau of Prisons has only awarded him 47 days per year. [*Id.*].

2.   Garrett asks the Court to award him 7 days for each year he has served and to release him from custody immediately. [*Id.*].

3.   The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit district courts to modify sentences in limited circumstances. The amendments permit a motion to be made on behalf of a qualifying defendant, defined in the statute as being "at least 70 years old," having "served at least 30 years

in prison" on the imposed sentence, and having been found "by the Director of the Bureau of Prisons [to not be] a danger to the safety of any other person or the community," for "compassionate release." 18 U.S.C. § 3582(c)(1)(A)(ii). Relief may also be granted based on "extraordinary and compelling reasons warrant[ing] such a reduction." 18 U.S.C. § 3582(c)(1)(A)(ii).

4.   The relief Garrett seeks, the recalculation of his sentence to account for additional good conduct time, is not appropriately brought as a motion for a reduction of sentence and resentencing under § 3582(c) because he is not asserting he is (1) at least 70 years old; (2) has been imprisoned for at least 30 years on his underlying federal conviction; and (3) has been found to be safe to be returned to the community. He also does not present extraordinary circumstances warranting a reduction under § 3582.

5.   Generally, challenges to the validity of a federal conviction or sentence are filed as a motion to correct, vacate, or set aside a federal sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). However, jurisdiction is conferred by 28 U.S.C. § 2241 when the challenge is to the *execution* of the sentence,

such as the calculation of good conduct time, as opposed to its *validity*. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

6.    Here, Garrett's dispute is with the Bureau of Prisons' calculation of his sentence. This is not a proper motion under 18 U.S.C. § 3582, and the motion in his criminal case [Docket Entry 121] is denied for that reason.

7.    Garrett may choose to assert a claim under § 2241 concerning the calculation of his good conduct time. Such a claim under § 2241 would have to be filed in the district of confinement, the Middle District of Pennsylvania, naming the Garrett's immediate custodian as respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Court expresses no opinion as to the merits of any § 2241 petition that Garrett may file about his good conduct time.

8.    An appropriate order follows.


**May 6, 2019**                          **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge